PEOPLE *ex rel.* YOUMANS, supervisor, etc., v. WAGNER, county judge, etc.

*Bonding towns — certiorari — parties — withdrawal by tax payers of consent to bonding.*

In proceedings by certiorari to review the action of a county judge in proceedings to bond the town of D. under chap. 907, Laws of 1869, and chap. 925, Laws of 1871, *held*, that the fact that the relator had signed the consent required by law to authorize the bonding, did not preclude him from acting individually as relator in the proceedings by certiorari. *Held*, also, that the town was entitled to institute proceedings by certiorari for the same purpose. The refusal of the county judge, at the hearing before him, to permit tax payers who had signed to withdraw their consent to the bonding, *held* erroneous.*

CERTIORARI to review the proceedings on application to bond the town of Delhi, Delaware county, before the judge of that county. The facts appear sufficiently in the opinion.

*O. W. Smith,* for relator.

*S. H. White,* for defendant.

MILLER, P. J. This certiorari is argued in connection with a motion to set aside the proceedings for irregularity upon the ground that the relator is incompetent to act as such because he was one of the original petitioners for the bonding of the town, and not having withdrawn, he is estopped from bringing a certiorari, and also for the reason that there is no party in the proceeding legally aggrieved by the adjudication or entitled to sue out the writ. Even if there may be a question whether the relator, as supervisor, can institute this proceeding, I am inclined to think that he is not precluded as

----

* In *People ex rel. Akin* v. *Morgan, ante,* p. 101, it is held that the town is not a proper party to institute proceedings by *certiorari.*

an individual from being the relator. There is no statutory prohibition against it, and it may well be, that a person who has signed a petition for bonding a town according to law is not deprived of the right to review the proceedings where they have been illegally conducted. It is signed upon the hypothesis that a majority of the tax payers are to consent to the bonding, and that the proceedings shall be lawful in all respects. Now, in case a portion of the tax payers withdraw, or offer to withdraw, so as to render the amount insufficient within the meaning of the law, or in case the county judge exceeds his powers, there is no good reason why a person who has signed should be bound so as to be unable to question the illegal act. The proceeding is not an action in which the tax payers signing are parties, and hence it cannot be said that a relator, who is a petitioner in such a case, occupies an antagonistic or an inconsistent position. Besides, he acts not for himself alone, but for others, who are tax payers, and on the behalf of the people, who are in fact the plaintiffs, institutes the proceeding. The object of a relator in such a proceeding is, in part at least, to have a party who may be responsible for the costs in case of an adverse result, and I see no good reason why a person who has petitioned for the issuing of bonds is not a suitable person for the purpose named, as well as to represent the people interested, or why such person is estopped in law from being a relator. If we regard as surplusage, as I think we have a right to do, the description of the relator's official character in the title of the case, the certiorari is properly brought in his name as an individual.

Even if there be any serious doubt as to the right of the relator to bring a certiorari as supervisor of the town or individually, I am inclined to think that the proceeding can be upheld by amending the title of the case, in striking out the name of Youmans and his title, thus making it a case in the name of the town of Delhi alone. Such an amendment comes within section 173 of the Code, and should be allowed in furtherance of justice. The right of the town to bring the certiorari, I think, is entirely manifest. The statute laws of 1871, chapter 925 (p. 2118, § 10), does not limit the right to review the proceedings by certiorari in such cases to any particular class of persons, and I think the town which is to be bonded is clearly entitled to be a party in a proceeding which may seriously affect its local interests and property, as well as the rights of at least every taxable inhabitant.

The town is liable to pay the bonds by means of the property of its tax payers, and is bound to provide for the interest and principal, and it would therefore seem to follow that it would have a right to maintain an action in regard to their validity. In the *Town of Duanesburgh* v. *Jenkins*, 46 Barb. 294, it was held, that a town may maintain an action to restrain the negotiation of bonds issued in the name of a town, by a person assuming to act as commissioner, in payment for subscriptions to stock of a railroad company. This case is in point, and is applicable directly to the one at bar.

As there is no valid ground for quashing the writ, it becomes important to consider whether the proceedings of the county judge were legal and in accordance with the statute (Laws of 1869, ch. 907; Laws of 1871, ch. 925).

It appears from the return that the contestants appeared before the county judge, and, although their names are not given, it is manifest that there was a conflict upon the question presented to him, as objections were made and overruled, and witnesses called by the contestants and sworn in opposition to the proposed bonding. It is not essential that the parties opposing should be named specifically, and does not deprive them of the advantage and rights acquired by their appearance because they are not mentioned in the return of the county judge to the writ.

The county judge was clearly wrong in not allowing certain tax payers to withdraw their names from the petition as was proposed. The contestants offered to have forty-six of the persons whose names were signed to the petition, representing property upon the assessment roll to the amount of $47,470, appear and withdraw their consents. This was objected to by the applicants and the offer refused, which I think was error. Had these names been stricken out, it would have reduced the names and amount of taxable property so that there would not have been the requisite number of names or amount of property to authorize the bonding of the town.

In *The People* v. *Sawyer*, recently decided in the court of appeals, it was held that the petitioners have the right to withdraw their names from the petition at any time before the case is finally submitted to the county judge. The offer made by the contestants covered this distinct proposition; was not objected to as not being sufficiently specific, and it is no answer to say to its admissibility that no contestant appeared and offered to withdraw. The ruling

of the county, judge precluded any necessity of a personal appearance of each one, or any of the tax payers referred to, and, so long as the offer appears to have been made in good faith, it was sufficient. In fact, it is to be assumed, in the absence of any intimation in the proceedings to the contrary, that they were ready to present themselves, if they had not been prevented from doing so, even if they were not personally present.

Several other objections are urged to the proceedings, but, as the error of the county judge already stated is a fatal one, it is not necessary to discuss them.

The motion to set aside the proceedings must be denied, and the proceedings reversed and dismissed without costs.

*So ordered.*